UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA RIOS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>　　　　　Defendant. | No.  1:19-cv-00523-EPG<br><br>ORDER FOR COMMISSIONER TO FILE STATEMENT CONCERNING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEYS' FEES<br><br>ORDER SEALING DOCKET NUMBER 19-2 AND REQUIRING COUNSEL TO RE-FILE SUCH DOCUMENT WITH PROPER REDACTION |

On January 15, 2021, Plaintiff's counsel filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 19). The motion did not contain a noticed date for a response, but it did include a proof of service of the motion on Plaintiff and a statement to her that she had fourteen days from receiving the motion to file a response to it. (*Id.* at 2, 26).

**I.　ORDER FOR STATEMENT FROM COMMISSIONER**

Counsel's motion indicates that Plaintiff was represented by separate counsel at the administrative level, whom counsel anticipates will file an administrative fee petition pursuant to section 406(a). (ECF No. 19 at 8, 10). Although the limits set forth in section 406(b) are separate from those set forth in section 406(a), *Culbertson v. Berryhill*, 139 S.Ct. 517, 519 (2019) ("Because § 406(b) by its terms imposes a 25% cap on fees only for representation before a court, and § 406(a) has separate caps on fees for representation before the agency, we hold that the

statute does not impose a 25% cap on aggregate fees."), counsel's briefing states that "[t]he court may consider the size or absence of an administrative fee in assessing reasonableness" of a fee request, (ECF No. 19 at 10).

Therefore, the Court will order the Commissioner to file a statement concerning the fee request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) ("We also note that the Commissioner of Social Security here, as in the Ninth Circuit, has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants.").

## II.     SEALING ORDER

Under Federal Rule of Civil Procedure 5.2 and Local Rule 140, only the last four digits of a Social-Security number may be visible in filings. Fed. R. Civ. P. 5.2(a) ("Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number . . . the filing may include only: (1) the last four digits of the social-security number . . ."); Local Rule 140(a) ("[W]hen filing documents, counsel . . . shall omit or, where reference is necessary partially redact . . . (iii) Social Security numbers: Use only the last four numbers . . . .").

Plaintiff's full Social-Security number is visible in at least one document. (*See* ECF No. 19-2 at 5, 17). As such, the Court will seal that documents, and Plaintiff's counsel shall re-file such sealed document in compliance with Federal Rule of Civil Procedure 5.2(a) and Local Rule 140(a). Counsel shall also ensure that no other documents in the motion contain more than the final four digits of Plaintiff's Social-Security number. If such documents exist, counsel shall file a motion to seal and re-file the offending documents appropriately.

The Court notes that counsel is employed by the Law Offices of Lawrence D. Rohlfing. This is not the first time that lawyers from that office have failed to comply with redaction protocols. *See Anglen v. Commissioner of Social Security*, No. 1:17-cv-00461-EPG (E.D. Cal.), at docket entries 25, 26, 29.

///

///

**III.    ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen (14) days, the Commissioner shall file a statement concerning its position, or lack thereof, on Plaintiff's counsel's attorneys' fees request;

2. The Clerk of Court is directed to SEAL ECF No. 19-2; and

3. Within seven days of the date of this Order, Plaintiff shall re-file such sealed documents, and such filings shall comply with Federal Rule of Civil Procedure 5.2(a) and Local Rule 140(a).

IT IS SO ORDERED.

Dated:   **February 1, 2021**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE