UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| MARTHA RIOS, | No. 1:19-cv-00523-EPG |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(B) |
| v. | |
| ANDREW SAUL, Commissioner of Social Security, | (ECF No. 21) |
| Defendant. | ORDER DENYING DUPLICATIVE MOTION FOR ATTORNEY'S FEES AS MOOOT |
| | (ECF No. 19) |
| | ORDER FOR CLERK OF COURT TO MAIL A COPY OF THIS ORDER TO PLAINTIFF |

Plaintiff's counsel, Denise Bourgeois Haley ("counsel"), filed a motion for attorney's fees on January 15, 2021 and a redacted version thereof on February 11, 2021. (ECF Nos. 19, 21). Plaintiff was served with a copy of the motion when it was first filed and given the opportunity to object within fourteen days of receipt. (ECF No. 19 at 2, 26-27). Plaintiff has not filed any objections or statement concerning the motion.  Defendant filed a statement whereby he took no position on the reasonableness of counsel's request. (ECF No. 22).

For the reasons set forth below, the most recent motion for an award of attorney's fees is GRANTED in the amount of $4,000, subject to an offset of $1,400 in fees already awarded pursuant to the Equal Access to Justice Act ("EAJA") on March 4, 2020, (ECF No. 18). The first-filed motion, (ECF No. 19), is duplicative and the Court therefore denies it as moot.

1

## I. BACKGROUND

Plaintiff brought the underlying action seeking judicial review of a final administrative decision denying her claim for disability insurance benefits and supplemental security income under the Social Security Act on April 22, 2019. (ECF No. 1). On December 16, 2019, the parties stipulated to a voluntary remand pursuant to sentence for of 42 U.S.C. § 405(g), which the Court granted the following day. (ECF Nos. 14, 15).

On October 30, 2020, the ALJ ruled in favor of Plaintiff in her application for benefits. (ECF No. 19-2). Counsel stated that Plaintiff was entitled to $43,410.70 in retroactive benefits, and the Commissioner withheld $10,852.68 to use to compensate counsel. (ECF No. 19 at 6). Based on the Commissioner's filings, it appears that these amounts have since increased. The Commissioner withheld $13,397 in disability insurance benefits (ECF No. 22-1 at 2) and $4,917.50 in widow's benefits (ECF No. 22-1 at 2), or a total of $18,314.50, to pay for potential attorney's fees.[1] That amount represents 25% of Plaintiff's total past-due benefits, indicating that Plaintiff's past-due benefits are $73,258.

On January 15, 2021, counsel filed a motion for attorney's fees in the amount of $4,000, with an offset of $1,400 for EAJA fees already awarded. (ECF No. 19). After the Court noted that Plaintiff's Social-Security number was visible in some of the initial filings, (ECF No. 20), on February 4, 2021, counsel filed what appears to be the same motion, with proper redaction, (ECF No. 21). On February 16, 2021, the Commissioner filed a response to counsel's motion. (ECF No. 22). The Commissioner took no position on the reasonableness of the request. (*Id.* at 3).

## II. DISCUSSION

Pursuant to the Social Security Act, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner

---

[1] The cited documents noted that they replaced previous letters. (ECF Nos. 22-1 ("This letter [dated February 15, 2021] replaces our previous letter dated January 5, 2021."); 22-2 ("This letter [dated February 15, 2021] replaces our previous letter dated January 10, 2021.")).

2

>of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added).

"In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the [406(b)] fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). Even though the § 406(b) attorney fees award is not paid by the government, the Commissioner has standing to challenge the award. *Craig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under § 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that § 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The United States Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the

attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id*. (citing *Gisbrecht*, 535 U.S. at 807-08).

Here, Plaintiff and counsel signed a fee agreement, which provides:

> If this matter requires judicial review of any adverse decision of the Social Security Administration, the fee for successful prosecution of this matter is a separate 25% of the past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court.

(ECF No. 19-1 at 1).

The Court has considered the character of counsel's representation of Plaintiff and the good results achieved by counsel, which includes an award of benefits. Plaintiff's counsel represents that paralegals spent 3.1 hours and she spent 5.6 hours representing Plaintiff in this matter. (ECF No. 19-4). This time resulted in the Commissioner agreeing to a remand, which led to an award of benefits to Plaintiff. There is no indication that a reduction of the award is warranted due to any substandard performance by Plaintiff's counsel as counsel secured a successful result for Plaintiff. There also is no evidence that counsel engaged in any dilatory conduct resulting in delay.

Plaintiff's counsel seeks an award of $4,000, which results in a blended hourly rate of $460. The Ninth Circuit found higher rates reasonable in 2009. *See, e.g., Crawford*, 586 F.3d at 1153 (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part). As a different court in this district recently noted, even higher effective hourly rates have been approved:

> [S]ince *Gisbrecht*, courts note that reducing a fee request is dicey business and find fee awards of an effective hourly rate much higher than this to be reasonable. *Williams v. Berryhill*, No. EDCV 15-919-KK, 2018 WL 6333695, at *2 (C.D. Cal. Nov. 13, 2018) (awarding fee request that provides an effective hourly rate of $1,553.36 per hour); *Coles v. Berryhill*, No. EDCV 14-1488-KK, 2018 WL 3104502, at *3 (C.D. Cal. June 21, 2018) (effective hourly rate of $1,431.94 reasonable under the circumstances); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (fees sought translate to $1,546.39 per hour for attorney and paralegal services); *see also Villa v. Astrue*, No. CIVS-060846 GGH, 2010 WL 118454, at *1, n.1 (E.D. Cal. Jan. 7, 2010)

("In practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award.")

*Mayfield v. Comm'r of Soc. Sec.*, No. 1:16-cv-01084-SAB, ECF No. 24, at 5 (E.D. Cal. March 19, 2020).

Further, the requested attorney's fees award of $4,000 does not exceed 25% of past-due benefits, and it is not excessive in relation to the past-due benefits awarded. *See generally Ortega v. Comm'r of Soc. Sec.,* No. 1:12–cv–01030–AWI–SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting § 406(b) attorney fees in the amount of $24,350); *Thomas v. Colvin*, No. 1:11–cv–01291–SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) (granting § 406(b) attorney fees in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12–cv–00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting § 406(b) attorney fees in the amount of $20,577.57); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending an award of § 406(b) attorney fees in the amount of $34,500), *adopted by* 2011 WL 841363.

In making this determination, the Court recognizes the contingent-fee nature of this case and counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Harris v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action fails. *Id.* Here, Plaintiff's attorney accepted risk of loss in representing Plaintiff. Plaintiff agreed to the contingent fee, and counsel successfully secured a remand and ultimately an award of substantial benefits to Plaintiff.

An award of attorney fees pursuant to § 406(b) in the amount of $4,000 is, therefore, appropriate. An award of § 406(b) fees, however, must be offset by any prior award of attorney fees granted under the EAJA. *See* 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. Counsel was previously awarded $1,400 in fees pursuant to the EAJA; as such, the § 406(b) award will be offset by $1,400.

///

### III.     CONCLUSION AND ORDER

For the reasons stated above, the Court finds that the attorney's fees sought by Plaintiff's counsel pursuant to § 406(b) are reasonable. Because Plaintiff's counsel filed two motions for the same relief, the Court will grant the most recent one and deny the earlier one as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $4,000 (ECF No. 21) is GRANTED;

2. Plaintiff's counsel's first-filed motion for an award of attorney's fees (ECF No. 19) is DENIED, as MOOT;

3. Plaintiff's counsel is ordered to reimburse Plaintiff $1,400 of the § 406(b) fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d); and

4. The Clerk of the Court is respectfully directed to serve a copy of this Order on Martha Rios, 498 S. Blackstone St. #42, Tulare, CA 93274.

IT IS SO ORDERED.

Dated:   **February 18, 2021**                    /s/ Erica P. Grosjean
                                                                      UNITED STATES MAGISTRATE JUDGE